# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | NO. 15-383 |
| DEKOR PERRY | : | |

## MEMORANDUM

SCHMEHL, J.   *s/JLS*                                                                                       APRIL 18 , 2022

    Defendant pleaded guilty to one count of possession of crack and heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On May 12, 2017, the Court imposed a total sentence of imprisonment of 204 months. In imposing this sentence, the Court granted Defendant a substantial downward variance from the federal Guideline range of 382-387 months.

    Defendant is serving his sentence at FCI Gilmer in West Virginia. His expected release date is May 11, 2030. He has served approximately 76 months and has received credit for good conduct time of approximately nine months and thus has served approximately 85 months of the 204-month term. Before the Court is the third motion by Defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is denied.[1]

    As a general rule, a district court may not modify a defendant's sentence after it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817,

---

[1] In fact, Defendant's appeal from the Court's denial of his second motion for compassionate release (and denial of his motion for reconsideration) is currently pending before the Third Circuit Court of Appeals.

1

825, (2010). However, the First Step Act provides for a compassionate release exception to that general rule, stating that: (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[2], whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction; and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.] 18 U.S.C. § 3582(c)(1)(A); see also U.S.S.G. § 1B1.13 (stating that the court may reduce a term of imprisonment if it finds, after consideration of the factors in § 3553(a), that "[e]xtraordinary and compelling reasons warrant the reduction," "[t]he defendant is not a danger to the safety of any other person or to the community," and "[t]he reduction is consistent with this policy statement").

      Although neither U.S.S.G. § 1B1.13 nor Congress defines the term "extraordinary and compelling," the Sentencing Commission's commentary to § 1B1.13, provide guidance. See U.S.S.G. § 1B1.13 cmt. n.1. The commentary provides that "extraordinary and compelling reasons" can include (1) certain specified serious medical conditions (a terminal illness or a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care" in prison and "from which he or she is not expected to recover"); (2) the defendant's advancing age (over 65), in

---

2 There is no dispute that Defendant has exhausted his administrative rights.

combination with a serious deterioration of his health and his successful completion of at least 10 years or 75% of his sentence; (3) the defendant's family circumstances, and (4) "[o]ther [r]easons ... [a]s determined by the Director of the Bureau of Prisons" to be extraordinary and compelling, either alone or in combination with the three prior reasons. U.S.S.G. § 1B1.13, cmt. n.1. *See also United States v. Andrews*, 12 F. 4th 255, 261-62 (3d Cir. 2021) (Duration of one's sentence and nonretroactive changes to mandatory minimum do not constitute extraordinary and compelling reasons.)

Defendant raises two arguments in support of his motion. First, he raises a new challenge to his status as a career offender, citing a change in law arising from the decision of our Court of Appeals in *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021) (en banc)]

Even assuming that a decision from a Court of Appeals changing the law with respect to career-offender status constitutes extraordinary and compelling circumstances justifying compassionate release[3], the *Nasir* decision does not apply to Defendant. In *Nasir*, our Court of Appeals held that inchoate "attempt" crimes[4] are not included in the definition of "controlled substance offenses" in section 4B1.2(b) of the

---

[3] Our Court of Appeals even recently held "that an incorrect career-offender enhancement under the advisory guidelines is not cognizable under [28 U.S.C.] § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *See United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). In so holding, "the court of appeals gave four rationales for holding that the defendant's claim was not cognizable under § 2255: (1) even when based on an incorrect advisory career-offender enhancement, a sentence within the statutory maximum is lawful; (2) an incorrect career-offender enhancement is not a fundamental defect inherently resulting in a complete miscarriage of justice because the sentencing guidelines are advisory and are merely one factor that a court considers at sentencing; (3) an incorrect career-offender designation is not the type of defect that supports undermining finality, given the advisory nature of the Guidelines; and (4) there is no manageable limit to the types of sentencing errors that would be cognizable under § 2255 if an incorrect career-offender enhancement were found to be cognizable." *See Nixon v. United States*, 2020 WL 4194130, at *4 (W.D. Pa. July 21, 2020) (citing Folk, 954 F.3d at 604-07) (internal quotation marks, alterations, and citation omitted). Therefore, when "an incorrect career-offender designation ... results in a sentence within the statutory maximum[, it] is not a fundamental defect inherently resulting in a complete miscarriage of justice and cannot be cognizable under § 2255." See *Folk*, 954 F.3d at 605

[4] Black's Law Dictionary defines an "inchoate crime" as "[a] step toward the commission of another crime, the step in itself being serious enough to merit punishment. The three inchoate offenses are attempt, conspiracy, and solicitation." The Pennsylvania General Assembly defines inchoate crimes as "criminal attempt," "criminal solicitation," and "criminal conspiracy." 18 Pa. Cons. Stat. §§ 901-903.

3

federal Sentencing Guidelines. 14 F. 4th at 472.

Defendant argues that his two prior state drug convictions should therefore not have been counted as "controlled substance offenses" for purposes of the Armed Career Criminal Act. The problem with Defendant's argument is neither of Defendant's two state drug convictions were actually for an inchoate "attempt" crime. The Court cautions Defendant that the phrase "**with intent** to distribute" does not equate to "**attempt** to distribute." Instead, Defendant was convicted of only predicate drug offenses under Pennsylvania's Drug Act, 730-1139a) (30) involving unlawful possession of controlled substance and possession of controlled substance with intent to deliver in 2005 and manufacturing and delivery of cocaine in 2011. (ECF 58, Exs. D & E.) Our Court of Appeals has held that an offense under Pennsylvania's Drug Act, § 730-113(a)(30) "is a 'controlled substance offense' and may serve as predicate offense to a career-offender enhancement under § 4B1.1" of the Sentencing Guidelines. *United States v. Glass*, 904 F. 3d 319, 322-24 (3d Cir. 2018) (citation omitted.) Thus, these two state drug convictions properly qualified as Armed Career Criminal predicate offenses.

Defendant also seeks compassionate release based on the recent surge of the Omicron variant of COVID-19. He claims he is more susceptible because he suffers from hypertension and mild obesity. Defendant is 39 years old, has received two doses of the Pfizer vaccine and has actually contracted COVID-19 from which he recovered without any serious health issues. The presence of the Omicron variant does not establish a extraordinary and compelling reason for Defendant's compassionate release.   See, e.g., *United States v. Grant*, 2022 WL 170860, at *8 (D.N.J. Jan. 19, 2022) (Vazquez, J.) ("unfortunately, the increased infection rate reflects a surge of positive cases in American society as a whole due to the Omicron variant; such surges are not limited to BOP facilities."); *United States v. Jaber,* 2022 WL 35434, at *3

(S.D.N.Y. Jan. 4, 2022) (McMahon, J.) ("given the speed with which Omicron is spreading through the unincarcerated population, I cannot say with any confidence that defendant would be safer on the outside than he is where he is."); *United States v. Daniels*, 2022 WL 164543, at *6 (M.D. Tenn. Jan. 18, 2022) (Richardson, J.) ("Moreover, it is beyond dispute that persons outside of prison are extremely susceptible to the current COVID-19 variant (Omicron) so to the extent that Defendant's argument is that he needs to be released into the community to better evade COVID-19, the argument is a non-starter because there is no reason to conclude that his risk of infection from COVID-19 would be reduced were he released from prison.").

Even if Defendant could present extraordinary and compelling reasons for his release, the § 3553(a) factors mandate the denial of Defendant's motion. Defendant has served less than half of a 204-month sentence for committing serious drug offenses which established his status as a career offender under the federal Sentencing Guidelines. As noted above, he could have received a much harsher sentence. While the Court is pleased to learn that Defendant is pursuing educational and vocational opportunities during his incarceration, these improvements do not mitigate the seriousness of Defendant's crimes.

For these reasons, Defendant's third motion for compassionate release is denied.