**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL ACTION** |
| | **:** | **NO. 15-383** |
| **DEKOR PERRY** | **:** | |

**MEMORANDUM**

**SCHMEHL, J. -** */s/ JLS*                                                                                           **July 21, 2026**

On November 8, 2016, Defendant entered an open plea to one count of possession of crack and heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three).

The Probation Office determined that Defendant faced a sentencing guidelines range of 262 to 327 months' imprisonment for Counts One and Three, and a mandatory consecutive 60 months' imprisonment for Count Two (the Section 924(c) offense), resulting in a total guidelines range of 322 to 387 months' imprisonment. PSR ¶ 82. The parties agreed that the Probation Office's calculation was correct. ECF 101-1, p.16. Because Defendant had at least one (and actually two) prior felony drug conviction, he faced an enhanced penalty on Count One under 21 U.S.C. § 841(a)(1), (b)(1)(B), specifically, a mandatory minimum sentence of ten years' imprisonment. Additionally, Defendant faced a mandatory consecutive sentence of five years' imprisonment on Count Two. PSR ¶¶ 80, 81. After hearing argument from the parties during the Defendant's sentencing hearing on May 12, 2017, the Court explained that it was going to vary downward from the guidelines, because "the guideline sentence does seem to be extremely substantial" and "the Court is concerned about simply warehousing people." ECF 101-1, p. 34.

1

The Court then imposed a total sentence of imprisonment of 204 months, consisting of 144 months' imprisonment on Count One and a concurrent 120 months' imprisonment on Count Three, and a consecutive term of 60 months' imprisonment on Count Two. *Id.*, pp. 35-36. Defendant did not appeal.

According to the government, Defendant's minimum release date is May 11, 2030. His home detention eligibility date would then be November 11, 2029. He has served approximately 10 years and 10 months (130 months) and has credit for good conduct time of approximately 16 months. He thus has served approximately 146 months of his 204-month sentence. Before the Court is the fourth motion by Defendant seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons that follow, the motion is denied.

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to reduce a sentence upon a showing of "extraordinary and compelling circumstances." His motion relies on a recent amendment to the Sentencing Guidelines policy statement regarding compassionate release, § 1B1.13, which became effective on November 1, 2023. This guideline defines the circumstances that qualify as "extraordinary and compelling reasons" allowing for early release under the compassionate release statute. The amendment adds the following provision, which is targeted at offenders who are facing sentences longer than would be imposed following a nonretroactive amendment:

> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6) (Nov. 1, 2023).

2

Defendant contends that had he been sentenced under the First Step Act of 2018,   Pub. L. 115-391, 132 Stat. 5222 (2018), he would have faced only a five-year mandatory minimum sentence on his drug conviction (Count One), not a ten-year mandatory minimum sentence, because neither of his prior state drug convictions would qualify as a "serious drug felony" under 21 U.S.C. § 841(b)(1)(B), as amended by the First Step Act. Accordingly, Defendant contends, the First Step Act's revision to the mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1)(B) produces a gross disparity between the sentence that he received in 2017 and the sentence that he would receive today, and this disparity constitutes an extraordinary and compelling reason warranting a sentence reduction pursuant to USSG § 1B1.13(b)(6). Congress expressly provided that its revision to Section 924(c) would apply to criminal acts predating the passage of the First Step Act only "if a sentence for the offense has not been imposed as of such date of enactment." Pub. L. 115-391, § 403(b), 132 Stat. 5194, 5222.

On May 28, 2026, the United States Supreme Court concluded that "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an "extraordinary and compelling reaso[n]" that "warrant[s]" a sentence reduction." *Rutherford v. United States*, 146 S.Ct. 1320, 1330 (2026). citing 18 U.S.C. § 3582(c)(1)(A)(i).   The Court concluded that "the statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release." *Id*. at 1335.   In that same Opinion, the Supreme Court invalidated USSG § 1B1.13(b)(6) "to the extent that it counsels otherwise." *Id*. Therefore, Defendant's sentencing disparity argument must be rejected.

Defendant also continues to argue that his two prior state drug convictions should not have been counted as "controlled substance offenses" for purposes of making him eligible for the career-offender enhancement under United States Sentencing Guidelines § 4B1.1. Defendant was

3

convicted of predicate drug offenses under Pennsylvania's Controlled Substance Act, 35 Pa. Const. Stat. Pennsylvania's Drug Act, § 780-113(a)(30) involving unlawful possession of controlled substance and possession of controlled substance with intent to deliver in 2005 and manufacturing and delivery of cocaine in 2011. (ECF 58, Exs. D & E.) Our Court of Appeals has specifically held that an offense under § 780-113(a)(30) "is a 'controlled substance offense' and may serve as predicate offense to a career-offender enhancement under § 4B1.1" of the Sentencing Guidelines. *United States v. Glass*, 904 F. 3d 319, 322-24 (3d Cir. 2018) (citation omitted.) And contrary to Defendant's contention, the Third Circuit further concluded that "§ 780-113(a)(30) is not broader than the Guidelines' definition of a 'controlled substance offense.'" *Glass*, 904 F.3d at 323. Thus, Defendant's two previous state drug convictions properly made him eligible for the career-offender enhancement.

Defendant also does not present any personal grounds such as his age, health or family circumstances that would constitute an extraordinary and compelling reason to justify compassionate release. Accordingly, his fourth motion for compassionate release is denied.